UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Mohamed Samura,

                 Plaintiff,                  **MEMORANDUM & ORDER**
                                                                                                   21-CV-01248 (DG) (LB)

       -against-

Maria Figueroa, Castleton Park Management,
and Castleton Preservation LLC,

                 Defendants.
------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Plaintiff Mohamed Samura, proceeding *pro se*, commenced this action on February 24, 2021 in the United States District Court for the Southern District of New York, asserting a race discrimination claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, against Defendants Maria Figueroa ("Figueroa"), Castleton Park Management, and Castleton Preservation LLC ("Castleton Preservation") for allegedly discriminating against Plaintiff in connection with his apartment application. *See generally* Complaint ("Compl."), ECF No. 5.[1] Subsequently, by Order of then-Chief Judge Colleen McMahon of the United States District Court for the Southern District of New York, this action was transferred to the United States District Court for the Eastern District of New York. *See* Transfer Order, ECF No. 2.

      On September 30, 2021, Defendants Figueroa and Castleton Preservation (together, "Defendants") filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See* ECF No. 16. By Memorandum & Order dated May 27, 2022 (the "May 27, 2022 Order"), the Court granted Defendants' motion to dismiss,

---

[1] For Plaintiff's filings, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF"). ECF No. 5 is comprised of the Complaint and various attachments.

dismissed the Complaint in its entirety without prejudice, and granted Plaintiff leave to file an Amended Complaint. *See generally* May 27, 2022 Order, ECF No. 31. Familiarity with the May 27, 2022 Order is assumed herein.

On June 27, 2022, Plaintiff filed an Amended Complaint, asserting an FHA race, national origin, and familial status discrimination claim. *See* Amended Complaint ("Am. Compl."), ECF No. 33.[2]

Pending before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). *See* Defendants' Motion to Dismiss, ECF No. 37; Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Br."), ECF No. 37-1; Defendants' Reply in Support of Defendants' Motion to Dismiss ("Defs.' Reply"), ECF No. 40. Plaintiff opposes Defendants' motion. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Br."), ECF No. 39.

Because, as set forth below, Plaintiff's FHA claim remains untimely – the Amended Complaint having failed to cure the timeliness issue identified in the May 27, 2022 Order – Defendants' Motion to Dismiss is granted and the Amended Complaint is dismissed without leave to amend.

---

[2] ECF No. 33 is comprised of the Amended Complaint and various exhibits.

The Amended Complaint purports to assert three separate Causes of Action (styled "Defendants' Rejection of Plaintiff's Application was Arbitrary and Capricious;" "Defendants' Rejection of Plaintiff's Application Violated the Fair Housing Act;" and "Defendants Engaged in a Continuing Violation of the Fair Housing Act," respectively). *See* Am. Compl. ¶¶ 35-44. However, *pro se* Plaintiff appears to be asserting a single cause of action under the FHA and to be arguing, *inter alia*, that the continuing violation doctrine, discussed further below, applies here.

## BACKGROUND

### I. The Complaint

The allegations contained in the initial Complaint are detailed in the Court's May 27, 2022 Order.  *See* May 27, 2022 Order at 2-5; *see also generally* Compl.[3]  In summary, and as relevant here, Plaintiff, who is African American, alleged that he was an applicant on a waiting list for over five years for a one-bedroom apartment in a building managed by Defendant Castleton Preservation; that in August 2017, Plaintiff was called for and went to an interview and presented all required documentation to Defendant Figueroa; that when the interview started, Defendant Figueroa asked about Plaintiff's race, marital status, and family composition; that in the middle of the interview, Defendant Figueroa called her boss and referenced that Plaintiff was African American and a widow and that his son was living with his mother; and that when Defendant Figueroa and her boss finished their conversation, Defendant Figueroa told Plaintiff that "the management" would make a decision and contact Plaintiff within two weeks.  Plaintiff further alleged that on August 22, 2017, "the management" sent a rejection letter to Plaintiff (the "Rejection Letter").  Plaintiff attached a copy of the Rejection Letter to the Complaint.[4]  The Rejection Letter, *inter alia*, stated that Defendant Castleton Preservation cannot accept Plaintiff's application because his "household composition does not meet established occupancy requirements;" included in the margin adjacent to this typed explanation a handwritten note stating, "full time student Rule;" stated: "If you disagree with this determination, you may request a meeting to discuss/appeal the rejection," which request must be made "in writing

---

[3] In the May 27, 2022 Order, the Court liberally construed and considered in the light most favorable to *pro se* Plaintiff the Complaint and the exhibits attached thereto.  *See* May 27, 2022 Order at 2 n.4.

[4] The Rejection Letter was issued on Castleton Preservation LLC letterhead.  *See* Compl. at 9.

3

by . . . 14 calendar days from today's date;" stated: "If we do not receive a written request from you within that time, the rejection will be considered final;" and stated: "Your response to this letter does not preclude you from exercising other avenues available if you believe that you are being discriminated against on the basis of race, color, religion, sex, national origin, familial status, or handicap."  Plaintiff additionally alleged that, by letter dated August 31, 2017, he appealed the rejection, noting in his appeal letter that while "[t]he fact remains [I] am a [full-time] student, it is also true that I should be considered [for an apartment];"[5] that Defendants "fail[ed] to reply and totally disregard[ed] [his] plea to look at [his] case;" that he is "always calling the office but they always say they don't [have] information at the moment;" and that Plaintiff was aware of Caucasian full-time students living in Castleton Preservation buildings from 2009 to 2012 and while he was in college.

## II.   The May 27, 2022 Order

By the May 27, 2022 Order, the Court granted Defendants' motion to dismiss and dismissed Plaintiff's Complaint in its entirety without prejudice.  *See generally* May 27, 2022 Order.

The Court concluded that because the alleged discriminatory conduct – the rejection of Plaintiff's application on the basis of race – occurred on August 22, 2017, Plaintiff's Complaint, which was filed approximately three-and-one-half years later, was time-barred under the FHA's two-year statute of limitations.  *See* May 27, 2022 Order at 8.  The Court noted that Plaintiff was aware of the Rejection Letter by at least August 31, 2017, as evidenced by his appeal of the rejection, and that even a liberal construction of Plaintiff's Complaint did not support a reading that any of the events alleged in the Complaint or referenced in the attachments thereto placed

---

[5] Plaintiff attached a copy of his appeal letter to the Complaint.  *See* Compl. at 11.

the relevant date later than August 2017. *See* May 27, 2022 Order at 8 n.8.

The Court also concluded that equitable tolling was not warranted on the record before the Court because even assuming that Plaintiff acted with reasonable diligence, which was not clear from the record, Plaintiff had failed to demonstrate – and the record did not reflect – the existence of any "extraordinary circumstance," let alone one that caused Plaintiff to miss the relevant filing deadline. *See* May 27, 2022 Order at 10-11.

In the May 27, 2022 Order, the Court noted that Plaintiff did not appear to be arguing that Defendants fraudulently concealed his FHA claim, that the allegations in the Complaint did not indicate fraudulent concealment, and that the Rejection Letter's reference to "other avenues available" undercuts a suggestion of fraudulent concealment. *See* May 27, 2022 Order at 11 n.10. The Court further noted that Plaintiff did not appear to be arguing – and the record did not reflect – that the continuing violation doctrine applied. *See* May 27, 2022 Order at 11 n.10.

Although the Court dismissed the Complaint in its entirety without prejudice as time-barred, the Court granted Plaintiff leave to file an Amended Complaint. *See* May 27, 2022 Order at 11-12. In granting leave to amend, the Court indicated that if Plaintiff chose to file an Amended Complaint, additional factual allegations supporting Plaintiff's equitable tolling argument, if any, could be included therein. *See* May 27, 2022 Order at 12.[6]

### III. The Amended Complaint[7]

The factual allegations in the Amended Complaint largely overlap with those in the initial

---

[6] The Court also noted that any Amended Complaint must make clear which individuals and/or entities Plaintiff intends to bring claims against. *See* May 27, 2022 Order at 12.

[7] Although Plaintiff notes that the Amended Complaint and Plaintiff's opposition to Defendants' Motion to Dismiss the Amended Complaint were prepared with the assistance of the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project, *see* Am. Compl. at 1 n.1; Pl.'s Br. at

5

Complaint. *Compare* Compl. *with* Am. Compl. The Amended Complaint does, however, add certain allegations. As arguably relevant here, the Amended Complaint additionally alleges that in September 2017, Plaintiff called the Castleton Park management office and asked about the status of his appeal and was told that his appeal was "under review," *see* Am. Compl. ¶ 24; that in September 2017, Plaintiff moved to Holy Trinity Orthodox Seminary in Jordanville, New York, where he remained until September 2020 and that he did not have access to a computer during the three years he resided at Holy Trinity Orthodox Seminary, *see* Am. Compl. ¶¶ 26-27; that Plaintiff telephoned the Castleton Park management office at least ten times during the period he lived at Holy Trinity Orthodox Seminary to ask about his appeal and that, each time, he was told that his appeal was "under review" and that he would be contacted once the manager finished the review, *see* Am. Compl. ¶ 28; that because Plaintiff was consistently told that his appeal was under review and that someone would be contacting him, he reasonably believed that the decision to reject his housing application was not a final determination, *see* Am. Compl. ¶ 29; that in or about February 2021, Plaintiff visited the Castleton Park management office and asked again about his appeal and was told by the woman at the front desk that she had no information about his appeal, *see* Am. Compl. ¶ 31; that while Plaintiff was in the Castleton Park management office in or about February 2021, the front desk staff made a copy of Plaintiff's passport and his homeless shelter residency verification letter and told Plaintiff that his information would be sent "right away" to the manager, who would contact Plaintiff, *see* Am. Compl. ¶ 32; and that since February 2021, Plaintiff has not been contacted by the manager or anyone else from the Castleton Park management office, *see* Am. Compl. ¶ 33.

---

1 n.1, because Plaintiff is proceeding *pro se* in this action, the Court nevertheless liberally construes his filings. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

## STANDARD OF REVIEW

"Where a defendant raises a statute of limitations defense in a pre-answer motion to dismiss, such a motion 'is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.'" *Rosario v. Loc. 1106 Transp. Works of Am.*, 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014) (quoting *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)). "Although a statute of limitations argument is an affirmative defense, it is settled law that a complaint may be dismissed on statute of limitations grounds if the complaint clearly shows the claim is out of time." *DeSimone v. TIAA Bank, FSB*, No. 20-CV-06492, 2021 WL 4198274, at *4 (S.D.N.Y. Sept. 14, 2021) (quotation marks omitted); *accord Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "'construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff.'" *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 555, 558.

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). "Even in a *pro se* case, however, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quotation marks omitted).

## DISCUSSION

Defendants argue that the Amended Complaint should be dismissed with prejudice because Plaintiff's FHA claim is time-barred under the applicable statute of limitations and neither the continuing violation doctrine nor the equitable tolling doctrine applies here. *See generally* Defs.' Br.; Defs.' Reply. Plaintiff argues that the action is not time-barred because Plaintiff's FHA claim accrued not in August 2017 but in February 2021. *See* Pl.'s Br. at 4-8. In support of his argument that his claim was timely filed, Plaintiff points to his alleged repeated communications about the status of his appeal and seeks to invoke the continuing violation doctrine. *See* Pl.'s Br. at 5-8. Plaintiff alternatively argues that if the Court determines that Plaintiff's FHA claim accrued in August 2017, equitable tolling should apply based on Defendants' alleged intentional misrepresentations. *See* Pl.'s Br. at 8-9.

For the reasons set forth below, Defendants' Motion is granted and the Amended Complaint is dismissed without leave to amend.

8

I.   **Plaintiff's Action is Time-Barred**

　　A.   **Plaintiff's Action is Untimely Under the Applicable Statute of Limitations**

Claims brought under the FHA are subject to a two-year statute of limitations.  *See* 42 U.S.C. § 3613(a)(1)(A) (providing in relevant part that a civil action may be commenced "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice"); *see also* May 27, 2022 Order at 7 (discussing FHA generally).  "In analyzing the timing of when a claim accrues in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.'"  *Stone v. 23rd Chelsea Assocs.*, No. 18-CV-03869, 2020 WL 1503671, at *6 (S.D.N.Y. Mar. 30, 2020) (alteration accepted) (quoting *Bd. of Educ. v. C.M. on behalf of P.G.*, 744 F. App'x 7, 9 (2d Cir. 2018)); *see also Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992) (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

The discriminatory conduct alleged – the rejection of Plaintiff's application on the basis of race, national origin, and familial status – occurred on August 22, 2017.  *See* Am. Compl. ¶¶ 19-22.  However, Plaintiff did not file the Complaint until February 24, 2021 – approximately three-and-one-half years after August 22, 2017.  Accordingly, as noted in the May 27, 2022 Order, this action is untimely.  *See* May 27, 2022 Order at 8.  The added allegations in the Amended Complaint do not compel a different conclusion as those allegations do not plausibly allege any discriminatory conduct occurring within two years of Plaintiff's filing of this action.  Indeed, the Amended Complaint does not plausibly allege discriminatory conduct after August 2017.  Plaintiff's alleged repeated calls inquiring about the status of his appeal – which were referenced in the initial Complaint and expanded upon in the Amended Complaint – do not serve

to extend the accrual date for Plaintiff's FHA claim.[8]  Similarly, Plaintiff's allegations about his February 2021 visit to the Castleton Park management office do not serve to extend the accrual date.[9]

Nor does the continuing violation doctrine apply here.  In order to invoke the continuing violation doctrine, a plaintiff must plausibly allege, *inter alia*, an ongoing policy or practice of discrimination that extends into the limitations period.  *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 291-92 (S.D.N.Y. 2011); *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 373 (E.D.N.Y. 2012); *Redd v. Fed. Nat'l Mortg. Ass'n (Fannie Mae)*, No. 19-CV-01045, 2020 WL 1536596, at *9 (E.D.N.Y. Mar. 31, 2020); *see also Wilshire v. L&M Dev. Partners*, No. 20-CV-07998, 2022 WL 847067, at *4 (S.D.N.Y. Mar. 22, 2022) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996)).  Where it applies, the continuing violation doctrine delays the commencement of the statute of limitations period until the last discriminatory act in furtherance of the alleged discriminatory policy or practice.  *See Grimes*, 785 F. Supp. 2d at 292; *see also Clement*, 914 F. Supp. 2d at 373 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982)); *Wilshire*, 2022 WL 847067, at *4; *Redd*, 2020 WL

---

[8] Although Plaintiff characterizes Defendants' alleged representations to Plaintiff that his appeal was "under review" as Defendants having "engaged in a series of discriminatory acts," *see* Pl.'s Br. at 7, Plaintiff's characterization does not control.

[9] Plaintiff's reliance on *Paulsen v. Great Bridge Attleboro Limited Partnership*, 552 F. Supp. 3d 160 (D. Mass. 2021), *see* Pl.'s Br. at 8, is misplaced.  There, the district court found that the plaintiff had plausibly stated in her complaint that the alleged discriminatory conduct, *i.e.*, sexual harassment, began in or around late 2016 or early 2017, continued for more than a year, and "came to a head" in July 2020 when the plaintiff was physically assaulted and subsequently hospitalized, and noted that the plaintiff filed her complaint six months thereafter. *See Paulsen*, 552 F. Supp. 3d at 163.  Under those circumstances, the district court noted that it could not "conclude that the relevant events undoubtedly took place outside of the two-year limitation period."  *See id.*  Here, in contrast, the relevant event was the August 2017 rejection of Plaintiff's apartment application allegedly for discriminatory reasons, and Plaintiff did not file this action until February 2021.

1536596, at *9.  The allegations in the Amended Complaint – including those about the events alleged to have taken place in February 2021 – fail to plausibly allege any policy or practice of discrimination, let alone one that extends into the limitations period.  And, as noted above, the Amended Complaint fails even to allege any discriminatory act that occurred within two years of the filing of this action.  Plaintiff has not demonstrated that the continuing violation doctrine applies here.

### B. Equitable Tolling is Not Warranted

As set forth above, in the May 27, 2022 Order, the Court concluded that equitable tolling was not warranted on the record then before the Court.  *See* May 27, 2022 Order at 10-11; *see also* May 27, 2022 Order at 9-10 (setting forth law governing equitable tolling).  Equitable tolling remains unwarranted on the record now before the Court.  Plaintiff has failed to demonstrate – and the record does not reflect – the existence of any "extraordinary circumstance," let alone one that *caused* Plaintiff to miss the relevant filing deadline.  *See Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).  And Plaintiff has failed to demonstrate – and the record does not reflect – fraudulent concealment warranting equitable tolling.

In arguing for the application of equitable tolling here, Plaintiff argues that "Defendants' representations to Plaintiff that his appeal was being considered by Castleton management and that a final determination had not been made reasonably led Plaintiff to believe there was a chance that his housing application might still be granted," and that, "[i]f the August 2017 rejection was actually a final determination . . . then Defendants fraudulently concealed this fact from Plaintiff for the next three years and the purported appeal process was a sham."  *See* Pl.'s Br. at 9.

As noted in the May 27, 2022 Order, to demonstrate equitable tolling on a theory of

fraudulent concealment, a plaintiff must establish that "(1) the defendant concealed from her the existence of her cause of action during the statutory period, (2) she commenced the action within the statutory period from the time that she became aware of her claim, and (3) her continuing ignorance was not attributable to lack of diligence on her part," and a plaintiff must plead the elements of fraudulent concealment with specificity pursuant to Federal Rule of Civil Procedure 9(b). *See Clement*, 914 F. Supp. 2d at 374; *see also* May 27, 2022 Order at 11 n.10.

Plaintiff has not met the standard for demonstrating entitlement to equitable tolling – under a fraudulent concealment theory or otherwise. This is particularly so in light of the fact, as noted in the May 27, 2022 Order, *see* May 27, 2022 Order at 10, that the Rejection Letter expressly states: "Your response to this letter does not preclude you from exercising other avenues available if you believe that you are being discriminated against on the basis of race, color, religion, sex, national origin, familial status, or handicap," *see* Compl. at 10; Am. Compl. at 10. Plaintiff could have brought this action at the time he received the Rejection Letter but did not do so. Plaintiff's allegations that Defendants represented to him that his appeal was being considered – which allegations in any event lack specificity – do not alter the analysis. They neither represent an "extraordinary circumstance" that stood in Plaintiff's way of exercising his rights nor demonstrate that Defendants concealed Plaintiff's cause of action from him.[10]

\* \* \*

In sum, Plaintiff commenced this action well beyond the expiration of the applicable statute of limitations period. The Amended Complaint therefore is dismissed as time-barred. Such dismissal is without leave to amend, given that Plaintiff does not seek leave to amend; that

---

[10] Nor does Plaintiff's alleged lack of computer access between September 2017 and September 2020, *see* Am. Compl. ¶¶ 26-27, constitute an "extraordinary circumstance" for equitable tolling purposes.

12

Plaintiff was apprised of the pleading defects during the litigation in connection with Defendants' first motion to dismiss; that Plaintiff has been afforded – and availed himself of – the opportunity to replead (with the assistance of the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project); and that there is no indication that Plaintiff could provide additional allegations that might cure the timeliness issue and lead to a different result. *See Gallop v. Cheney*, 642 F.3d 364, 369-70 (2d Cir. 2011); s*ee, e.g.*, *Simmons v. Hamilton*, No. 19-CV-10388, 2023 WL 1821037, at *5-6 (S.D.N.Y. Feb. 8, 2023) (noting that a plaintiff's failure to fix deficiencies in a previous pleading after being provided notice of them is alone sufficient ground to deny leave to amend, and denying *pro se* plaintiff leave to amend after plaintiff failed to fix pleading deficiencies identified by the court); *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015).[11]

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 37, is GRANTED and Plaintiff's Amended Complaint, ECF No. 33, is DISMISSED without leave to

---

[11] As noted in the May 27, 2022 Order, although the docket reflects that Reshma Khanna represents Defendants Figueroa, Castleton Park Management, and Castleton Preservation, *see* Docket, by letter dated September 22, 2021, Ms. Khanna informed the Court that "it is [Castleton Preservation's and Figueroa's] understanding that the entity 'Castleton Park Management' does not exist." *See* May 27, 2022 Order at 1 n.2 (quoting ECF No. 14 at 1). Because the timeliness issue discussed above would apply with equal force to any FHA claim asserted against Defendant Castleton Park Management, if that entity did or does exist, the Court *sua sponte* dismisses the Amended Complaint as against Defendant Castleton Park Management. *See Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990) (affirming *sua sponte* dismissal of complaint with respect to non-appearing defendant who did not join in motion to dismiss, because issues concerning non-appearing defendant were substantially the same as those concerning moving defendants and plaintiff had notice and a full opportunity to make out his claim against non-appearing defendant); *see also Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim . . . so long as the plaintiff is given notice and an opportunity to be heard." (quotation marks omitted)).

amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                   */s/ Diane Gujarati*
                                                 DIANE GUJARATI
                                                 United States District Judge

Dated: March 1, 2023
        Brooklyn, New York